# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Oscar Amilcar Argueta Diaz

June 19, 2012

Case No. FE-2011-1791

BY JUDGE JONATHAN C. THACHER

This matter comes before the Court on Defendant Oscar Argueta Diaz's ("Diaz") Motion for Release of Court Funds for Expert Assistance. Upon consideration of the parties' briefs and relevant legal authority, for the following reasons, the Court denies his motion.

*Background*

The Court relies upon the following proffers of fact. Defendant Diaz is charged with one count of rape and one count of sodomy. Diaz was interviewed and given a polygraph exam by Detective Clark of the Fairfax County Police Department. For the first half of the interview, Diaz denied the allegations against him. Subsequently, Diaz alleges Clark used coercive police tactics causing Diaz to falsely admit to sexually assaulting his two stepdaughters. Diaz has not moved to suppress the confession or made any other constitutional challenge. Instead, Diaz moves the Court to release funds to pay for an expert witness, one Dr. Richard Ofshe, to testify about psychological pressures that can be placed on a suspect during interrogation. Diaz argues the testimony is necessary because it relates to the "voluntariness of the [alleged confession] as well as the reliability of

it." The Commonwealth counters that expert witnesses are not allowed to testify regarding the veracity or reliability of a confession because those determinations are to be made solely by the jury. Accordingly this motion requires the Court to make a determination of whether an expert witness is allowed to opine on the voluntariness and reliability of a defendant's confession to a jury.

## *Analysis*

In Virginia, "[t]he court has the duty to determine whether [the defendant's] confession was voluntary," and such a determination is a question of law that is not for the jury to decide. *Pritchett v. Commonwealth*, 263 Va. 182, 186, 557 S.E.2d 205, 208 (2002) (citing *Crane v. Kentucky*, 476 U.S. 683, 688, 106 S. Ct. 2142, 90 L. Ed. 2d 636 (1986)). Due process requires `that a jury [not] hear a confession unless and until the trial judge [or some other independent decision maker] has determined that it was freely and voluntarily given." *Crane*, 476 U.S. at 687-88 (quoting *Sims v. Georgia*, 385 U.S. 538, 543-44, 87 S. Ct. 639, 17 L. Ed. 2d 593 (1967)). The admissibility of a confession at trial is also a legal question that a court and not a jury decides. *Upshur v. Commonwealth*, 170 Va. 649, 655, 197 S.E. 435, 437 (1938). Consequently, expert witnesses are not permitted to testify before a jury on either issue regarding the voluntariness or admissibility of a confession.

These principles established, when a court decides to admit a confession into evidence, it is the role of the fact finder to make the factual determination of whether the confession is credible and reliable. *Crane*, 476 U.S. at 688. Accordingly, "the requirement that the court make a pretrial *voluntariness* determination does not undercut the defendant's traditional prerogative to challenge the confession's reliability during the course of the trial." *Id.* The caveat to this rule is that the defendant's evidence challenging the reliability of the confession must be *admissible. Pritchett v. Commonwealth*, 263 Va. at 186, 557 S.E.2d at 208 (citing *Crane*, 476 U.S. at 689) ("Under *Crane*, the Commonwealth and [defendant] were each entitled to introduce *admissible* evidence to assist the jury in determining whether the confession was reliable." (emphasis added)).

Admissible evidence extends to the "manner in which a confession was secured," despite that evidence also bearing on the issue of voluntariness that a court is required to decide pre-trial. *Crane*, 476 U.S. at 688-89. Expert witnesses may also testify "to a witness's or defendant's mental disorder and the hypothetical effect of that disorder on a person in the witness's or defendant's situation." *Pritchett*, 263 Va. at 187, 557 S.E.2d at 208 (citing *Fitzgerald v. Commonwealth*, 223 Va. 615, 629-30, 292 S.E.2d 798, 806 (1983)). Diaz has not alleged a mental disorder, and therefore the *Pritchett*

allowance for expert testimony regarding a defendant's mental disorder and its hypothetical effects do not apply to the present case.

For expert testimony to be admissible, the "area of expertise to which the expert will testify [must not be] within the range of the common experience of the jury." *Pritchett*, 263 Va. at 186-87, 557 S.E.2d at 208 (citing *Coppola v. Commonwealth*, 220 Va. 243, 252, 257 S.E.2d 797, 803 (1979)). Additionally, "[a]n expert witness may not express an opinion as to the veracity of a witness because such testimony improperly invades the province of the jury to determine the reliability of a witness." *Pritchett*, 263 Va. at 187, 557 S.E.2d at 208.

In *Pritchett*, the Commonwealth properly offered, and the court admitted a criminal defendant's confession at trial. *Id.* In challenging the reliability of the confession, the defendant called an expert to make the broad statement that the defendant "just went along with what they said." *Id.* The Court ruled in part that because such a statement could be construed as an evaluation of the reliability of the defendant's confession, it was an inadmissible statement. *Id.*

Turning to the case at hand, Diaz, as the defendant, bears the burden of showing the need for the expert witness and why the expert is likely to be a significant factor in his defense. *Barnabei v. Commonwealth*, 252 Va. 161, 170-71, 477 S.E.2d 270, 275-76 (1996) (citing *Husske v. Commonwealth*, 252 Va. 203, 211-12, 476 S.E.2d 920, 925 (1996)). Diaz argues in his brief that his proffered expert is needed to testify "about the interrogation tactics that were used during [his] interrogation and how those techniques can exert psychological pressures upon a suspect . . . an issue bear[ing] directly upon the voluntariness of the statement." However, the rule from *Crane, Pritchett*, and *Upshur* directs that the voluntariness of a statement remain an issue for the court and not the fact finder. Therefore, Diaz cannot proffer expert testimony to the jury, with the purpose of challenging the solely legal questions of the voluntariness and admissibility of his confession.

Additionally, allowing Diaz's proffered expert to opine on the interrogation methods used in Diaz's interrogation and their psychological pressures, is, in effect, a request to permit the expert to opine on whether Diaz's confession was generally unreliable. This is asserted in Diaz's brief, where he says the expert is needed to "attack . . . the reliability of the statement given to police." However, *Crane* made clear that it is solely in the purview of the fact finder to decide whether a confession is credible and reliable. *Pritchett* also prohibits experts from evaluating, without defenses pertaining to a defendant's mental condition, the reliability of a defendant's confession. While a defendant is free to "familiarize [a] jury with circumstances that attend the taking of his confession, including facts bearing upon its weight and voluntariness," *Crane*, 476 U.S. at 688 (citing *Lego v. Twomey*, 404 U.S. 477, 485-86, 92 S. Ct. 619, 30 L. Ed. 2d 618 (1972)), the factual circumstances surrounding Diaz's confession do not

fall outside the range of the common experience of the jury. Therefore, the proffered expert's testimony is not necessary or admissible. Because Diaz seeks an expert to opine broadly concerning the reliability of police-rendered confessions in general as a means to attack the reliability of his confession and because Diaz has not otherwise alleged a mental disorder which would allow for expert testimony regarding the hypothetical effects of such a disorder, Diaz has not met his burden for showing the need for expert assistance on this issue.

## Conclusion

For the foregoing reasons, Diaz's Motion for Release of Court Funds for Expert Assistance is denied. The Court is careful to note that its ruling does not limit, in any way, Diaz's ability to challenge the confession pretrial nor to offer evidence of the circumstances of the interrogation and ultimate statements attributed to him by the Commonwealth, either before or during trial.

## Order

On June 8, 2012, Mike Gromosaik, the Assistant Commonwealth's Attorney, Oscar Amilcar Argueta Diaz, the Defendant, Johnna Kool, an interpreter fluent in the Spanish language, and Dawn Butorac and Diego Alcala, Counsel for the Defendant, appeared before this Court. The Defendant is indicted for the felonies of Rape (Count I) and Sodomy (Count II), and he appeared while in custody. This case came before this Court today for argument on the Defendant's motion to Compel Discovery, which motion was resolved. The Court also heard argument on the Defendant's Motion for Release of Court Funds for Expert Assistance, which motion the Court, after hearing argument, initially took under advisement. The Court later denied the motion for the reasons set forth in the letter opinion. The Defendant was remanded to the custody of the Sheriff.